# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned November 29, 2010

## IN RE:  KIERSTEN CIERRA BURCHETTE

**Appeal from the Juvenile Court for Cocke County**
**No. 03799      A. Benjamin Strand, Jr., Judge**

---

**No. E2010-02132-COA-R3-JV - FIELD NOVEMBER 29,2010**

---

This lawsuit involves whether custody of Kiersten Cierra Burchette (the "Child") should be changed from Carey A. Bible ("Mother") to Chadwick J. Burchette ("Father").  Father filed an emergency petition seeking custody.  Father claimed, among other things, that the Child was being sexually abused by Mother's boyfriend.  Although the emergency petition eventually was dismissed, the Juvenile Court did designate Father as the Child's primary residential parent.  The Juvenile Court, however, specifically reserved ruling on who should pay certain medical expenses as well as a bill for the deposition of Father's private investigator.  The Juvenile Court also reserved ruling on all child support issues.  Mother appeals.  We dismiss this appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, J., HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J.

Scott Justice, Jefferson City, Tennessee, for the Appellant, Carey A. Bible.

Rebecca D. Slone, Dandridge, Tennessee, for the Appellee, Chadwick J. Burchette.

# MEMORANDUM OPINION[1]

## Background

This lawsuit involves which parent should be designated as primary residential parent of the Child. In September 2007, Father filed a petition for modification claiming there had been a material change in circumstances and that it was in the Child's best interest for him to be designated as the Child's primary residential parent. While the petition was pending, Mother graduated from nursing school and filed a petition seeking to relocate with the Child to Kingsport where Mother had found employment.

In August 2009, an ex parte order was entered temporarily transferring custody of the Child to Father based on allegations of dependency and neglect. Father asserted that the Child had been fondled by Mother's boyfriend, Preston Salley. A guardian ad litem was appointed on the Child's behalf, and Mother was ordered not to allow Preston Salley around the Child.

A hearing was held in December 2009, following which the Juvenile Court dismissed Father's emergency petition for custody. The Juvenile Court also determined that the matter should proceed with "both parties . . . [being] allowed to proceed in a custody case to determine which parent would be the primary residential parent." The Juvenile Court further ruled that, in the meantime, Father would remain the primary residential parent. The no-contact order between Preston Salley and the Child remained in effect.

Following another hearing, in August 2010 the Juvenile Court determined that Father should be designated as the Child's primary residential parent and set forth Mother's co-parenting time. Various issues were reserved for later ruling, including payment of medical expenses and a bill for the deposition of Father's private investigator. The Juvenile Court also reserved all child support issues. Mother appeals.

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

**Discussion**

The Tennessee Rules of Appellate Procedure define an appeal as of right from a final judgment as follows:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in Rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3(a). The parties to this appeal have not filed an application for an interlocutory appeal pursuant to Rules 9 or 10 of the Rules of Appellate Procedure, and the order appealed from the Juvenile Court has not otherwise been made final.

A final judgment is "one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right." *State ex rel. Garrison v. Scobey*, No. W2007-02367-C0A-R3-JV, 2008 WL 4648359, at *5 (Tenn. Ct. App. Oct. 22, 2008). This Court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. The Tennessee Supreme Court has recognized that "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990). *See also Ruff v. Raleigh Assembly of God Church, Inc.*, 241 S.W.3d 876, 877 at n.1 (Tenn. Ct. App. 2007).

In the present case, the Juvenile Court specifically reserved ruling on several issues, including child support. Because the order appealed from is not a final judgment, this Court does not have subject matter jurisdiction, and this appeal must be dismissed.

## **Conclusion**

This appeal is dismissed, and this cause is remanded to the Juvenile Court for Cocke County for further proceedings consistent with this Opinion and for collection of the costs below. Costs on appeal are taxed to the Appellant, Carey A. Bible, and her surety, for which execution may issue, if necessary.


PER CURIAM